IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSHI MA TRELLI | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  08-448 |
| | : | |
| DEPARTMENT OF HOMELAND SECURITY, et al. | : : | |

**MEMORANDUM AND ORDER**

AND NOW, this 21st day of September, 2009, upon consideration of the petition for writ of habeas corpus (Doc. No. 1) and the unopposed[1] motion to remove the case from suspense and dismiss the petition for writ of  habeas corpus (Doc. No. 10)  the court makes the following findings and conclusions:

      1. On January 25, 2008, Sushi Ma Trelli ("Sushi Ma") filed her petition seeking a writ of mandamus in order to challenge her removal and the decision of the United States Citizenship and Immigration Services ("USCIS") to deny the petition for alien relative filed on her behalf.  On January 31, 2008, this court issued a thirty day stay of removal and transferred the matter to the Third Circuit.  On March 21, 2008, the Third Circuit dismissed the case to the extent that it sought to challenge Sushi Ma's order of removal and remanded the remainder of the case back to this court.  On June 28, 2008, this court placed the case in suspense in order for the underlying administrative proceedings related to Sushi Ma's claims to be completed.  There are no longer any outstanding proceedings and the denial of the petition for alien relative filed by Sushi Ma's spouse on her behalf is now final.  As a result, on July 17, 2009, defendant filed the current motion.

      2. On February 21, 2000, Sushi Ma married Edward Robinson ("Robinson") who subsequently filed a petition for alien relative on her behalf in an attempt to obtain a visa for her.  After strong evidence established that their marriage was a sham, Robinson withdrew the petition.  On July 28, 2001, Sushi Ma married Joseph Trelli ("Trelli") who filed a total of three petitions for alien relative on her behalf.  The petitions filed by Trelli were denied after the District Director of the USCIS found that Sushi Ma's marriage to Robinson had been a sham in order to circumvent immigration laws.  See 8 U.S.C. § 1154(c) (providing that no petition shall be granted for an alien who has been found to have previously attempted to evade immigration

---

[1] The present motion was filed two months ago and was served on plaintiff's counsel at that time.  Plaintiff has failed to file a response to the motion, even after the court contacted her counsel and requested a response.  Pursuant to Local Rule of Civil Procedure 7.1(c), it is within my power to grant the motion as uncontested.  Nonetheless, I will address the merits of the motion.

laws by entering into a sham marriage). On December 5, 2006, Sushi Ma was ordered removed and granted voluntary departure from the United States. On October 16, 2008, the Board of Immigration Appeals ("BIA") upheld the District Director's denial of Trelli's petitions for alien relative based upon his findings that Sushi Ma's marriage to Robinson had been a sham.[2] On May 13, 2009, the BIA also denied Trelli's motion to reconsider.

       3.     Because Sushi Ma has never been in custody, habeas corpus is not the proper vehicle for her legal plea. See Kumarasamy v. Attorney General of U.S., 453 F.3d 169, 172-73 (3d Cir. 2006).

       4.     Nonetheless, to the extent that Sushi Ma is challenging the denial of the petitions for alien relative filed by Trelli, her petition must be denied. The opinions of the District Director and the BIA that Sushi Ma's marriage to Robinson was a sham was supported by very substantial evidence.[3] See (Doc. No. 10, Exhs. A & C). Because the BIA's conclusion was well supported, under 8 U.S.C. § 1154(c), it was proper for the Board to deny the petitions for relative alien filed by Trelli on behalf of Sushi Ma.

As a result, it is hereby **ORDERED** that the unopposed motion to remove the case from suspense and dismiss the petition for writ of habeas corpus is **GRANTED;** the case is removed from civil suspense; and Sushi Ma's petition for writ of habeas corpus is **DENIED and DISMISSED**.

This is a final order and the Clerk of Court is directed to mark this case closed.

                         S/ Lowell A. Reed, Jr.
                         LOWELL A. REED, JR., S.J.

---

[2] Such findings included that: (1) Robinson and Sushi Ma never lived together; (2) Robinson did not know Sushi Ma's full name; (3) Robinson stated that his only contact with Sushi Ma was the three or four visits to the massage parlor where she worked; and (4) Sushi Ma ended all contact immediately after their unsuccessful immigration interview.

[3] The validity of her marriage to Trelli is not relevant.